COMMONWEALTH vs. JAMES A. AMARAL.

Worcester. May 6, 1986. — July 16, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Search and Seizure,* Threshold police inquiry, Roadblock by police. *Constitutional Law,* Roadblock by police. *Motor Vehicle,* Operating under the influence.

A judge erred in denying a motion to suppress evidence obtained as a result of a roadblock stop of the defendant's motor vehicle for the purpose of detecting drunk drivers where, in the absence of evidence of a plan devised by law enforcement supervisory personnel for establishing and conducting the roadblock at which State police stopped the defendant, the Commonwealth failed to meet its burden of proving that the stop and search were constitutionally reasonable. [98-101]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on July 9, 1984.

In the jury session, a pretrial motion to suppress evidence was heard by *Austin T. Philbin,* J., and the case was tried before him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Conrad W. Fisher* for the defendant.

*Harry D. Quick, III,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals from his conviction of operating a motor vehicle while under the influence of intoxicating liquor. He challenges the denial of his motion to suppress evidence obtained on July 7, 1984, at a roadblock maintained by State troopers on Route 12 in West Boylston. That motion, which was based on both the Fourth Amendment to the Constitution of the United States and art. 14 of the Massachusetts Declaration of Rights, should have been allowed. The Commonwealth failed to prove the reasonableness of the roadblock

as a result of which all evidence against the defendant was obtained.[1]

A State police corporal presented the only evidence concerning the purpose of the roadblock, the principles on which it was established, and the manner in which it was conducted. He gave the name of the captain who, he believed, was responsible for setting up the roadblock. He testified that the State police set up roadblocks in well-lit locations where there are parking areas to which vehicles can be directed. Signs announcing roadblocks are posted. Marked cruisers, some with their dome lights flashing, are parked at the site. For this particular roadblock, ten officers were assigned. Officers posted warning signs, placed traffic cones between the signs and the roadblock, and turned on the dome lights of several marked cruisers. Every vehicle was stopped from about 11:30 P.M. on July 6 to about 2:30 A.M. on July 7. The procedure followed was the same as that used in other roadblocks in which the corporal had participated. He did not know, however, whether the State police had announced to local news media that roadblocks would be conducted in the area that night.

In *Commonwealth* v. *McGeoghegan*, 389 Mass. 137 (1983), we discussed certain factors essential to make a roadblock permissible under the Fourth Amendment.[2] We stated that the selection of vehicles to be stopped must not be arbitrary, that safety must be assured, and that motorists' inconvenience must be minimized. *Id*. at 143-144. The motion judge was warranted in concluding that these conditions had been met.

In our *McGeoghegan* opinion, however, we also suggested that "assurance must be given that the procedure is being con-

---

[1] The arresting officer had neither probable cause nor an articulable, reasonable suspicion to stop the defendant's vehicle. The evidence obtained was admissible, therefore, only if the roadblock at which the State police stopped the defendant was lawful. *Commonwealth* v. *McGeoghegan*, 389 Mass. 137, 139, 144 (1983).

[2] We also noted that, although the same factors are material to a consideration of the constitutionality of a roadblock stop under both documents, the "Massachusetts Declaration of Rights may afford greater protection to an individual than the protection afforded by the United States Constitution." *Id*. at 141 n.2.

ducted pursuant to a plan devised by law enforcement supervisory personnel." *Id.* Other courts have observed that, regardless of other favorable factors, the lack of control over the discretion of officers in the field will render a roadblock stop unconstitutional. *People* v. *Bartley,* 109 Ill. 2d 273, 289 (1985), cert. denied sub nom. *Bartley* v. *Illinois,* 475 U.S. 1068 (1986). *State* v. *Deskins,* 234 Kan. 529, 541 (1983). See *Delaware* v. *Prouse,* 440 U.S. 648, 661 (1979). The testimony of a field officer that he personally did not indiscriminately choose a time, place, and manner for conducting a roadblock is not sufficient. Most States have ruled that "roadblocks stand or fall based on some set of neutral criteria governing the officers in the field." *State* v. *Jones,* 483 So. 2d 433, 438 (Fla. 1986) (requiring written set of uniform guidelines). See *State* v. *Dekins, supra* at 542-543 ("any roadblock lacking sufficient standards, guidelines and protections of the individual's right to privacy would run afoul of constitutional protections"). See also *State* v. *Kirk,* 202 N.J. Super. 28, 43 (1985); *Webb* v. *State,* 695 S.W.2d 676, 683 (Tex. App. Ct. 1985).

The Commonwealth offered no evidence of a plan devised by law enforcement supervisory personnel for establishing and conducting the roadblock at which the State police stopped the defendant. The record contains no evidence of guidelines, like those upheld in *Commonwealth* v. *Trumble,* 396 Mass. 81, 92-94 (1985), under which this roadblock was conducted. The fact that a captain in the State police was responsible for setting up this roadblock is not sufficient. Administrative officers using carefully established standards and neutral criteria should determine the time and location of roadblocks and the procedures to be followed. See *Commonwealth* v. *McGeoghegan, supra* at 144 & n.3; *Commonwealth* v. *Trumble, supra* at 95 (Abrams, J., concurring). Although not an indispensable precondition to the reasonableness of a roadblock, advance publication of the date (but not the precise location) of an intended roadblock will serve both to increase its deterrent effect and to decrease its subjective impact on individuals. *Commonwealth* v. *McGeoghegan, supra* at 143-144. The Commonwealth provided no evidence of advance publicity of this roadblock.

Another factor that tends to eliminate arbitrariness is the selection of a roadblock site because it has been a problem area, one "where accidents or prior arrests for drunken driving have occurred." Massachusetts State Police DWI Roadblock Enforcement, quoted in *Commonwealth* v. *Trumble,* 396 Mass. at 92. The Commonwealth presented no evidence bearing on this point.

We grant that, when the defendant's motion to suppress was considered and decided, the judge and the prosecution did not have the benefit of our opinion in the *Trumble* case. Our *McGeoghegan* opinion was available then, as it was to the prosecutor in the *Trumble* case. The Commonwealth's case here did not meet the standards that we prescribed in our *McGeoghegan* opinion. Because the Commonwealth did not meet its burden of proving that the stop and search were constitutionally reasonable, the motion to suppress should have been allowed. *Commonwealth* v. *McGeoghegan, supra* at 144. We believe that the Commonwealth did not make an adequate showing to satisfy the requirements of the Fourth Amendment. We know it did not satisfy the requirements of art. 14 of the Declaration of Rights. See *Commonwealth* v. *Ford,* 394 Mass. 421, 426-427 (1985) (conduct taken pursuant to established procedures more likely to meet constitutional standard of reasonableness than conduct not so guided).

We need not pass on the question, not yet answered by a majority of this court, whether a roadblock will meet constitutional standards only if the Commonwealth proves that no less intrusive alternative would be as effective. See *Commonwealth* v. *Trumble, supra* at 86; *id.* at 97-98 (Abrams, J., concurring); *id.* at 98-102 (Lynch, J., joined by Liacos, J., dissenting). The Commonwealth did not present evidence at the motion hearing on this question. Because the defendant has not argued this question in his brief, it is not before us.

The judgment is reversed. The verdict is vacated. An order shall be entered allowing the defendant's motion to suppress. A judgment of not guilty shall be entered because all evidence on which the conviction was based should have been suppressed.

*So ordered.*