213 N.J. Super. 133 (1986)
516 A.2d 1115
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD J. EGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 26, 1986.
Decided September 22, 1986.
Before Judges ANTELL and GRUCCIO.
*134 David A. Ruhnke argued the cause for appellant (Ruhnke & Barrett, attorneys; David A. Ruhnke on the brief).
Hillary Brunell, Assistant Prosecutor, argued the cause for respondent (George L. Schneider, Essex County Prosecutor, attorney; Marc J. Friedman, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by ANTELL, P.J.A.D.
On June 28, 1985 defendant was arrested and charged with driving while under the influence of alcohol, N.J.S.A. 39:4-50. While the charges were pending in the municipal court, defendant moved to suppress all evidence of his intoxicated condition on the ground that it had been acquired as the result of an unlawful search and seizure. Following denial of that motion, from which he now appeals, he pleaded guilty to the charge and was sentenced to a custodial term of six months, was ordered to pay a fine of $1,000 and suffered revocation of his driver's license for a period of 10 years.
Defendant's vehicle was stopped by a police roadblock in the west-bound lane of Route 124 in Millburn Township. The question presented is whether the police procedure satisfied state and federal constitutional standards for a warrantless search.
The roadblock was set up at approximately 12:30 a.m. by Sergeant Barber of the Millburn Police Department and it continued in operation until approximately 2:30 a.m. It was staffed by the sergeant and two patrolmen and every car that happened thereon was stopped. The sole police witness could not say how many cars had been stopped that evening and it appears that the only arrest made was that of the defendant. Sergeant Barber was the Watch Commander and ranking supervising officer on duty, and it was his decision alone to set up *135 the roadblock. Except to say that the decision to maintain a roadblock in that particular location was "based upon our previous experience, the number of accidents in the area, the bars located in the area, the time of night," no further explanation for the action was offered.
The Millburn police department consists of a chief of police, one captain, seven lieutenants, six sergeants and forty patrolmen. At the time of the arrest the department had no written procedures governing the operation of drunken driving roadblocks and no formal report was prepared detailing the results of that night's operation.
Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), categorically invalidated on 4th Amendment grounds the random stopping of motor vehicles on the public highway, declaring that warrantless searches may occur only where there is some "articulable and reasonable suspicion" of wrongdoing. Id. at 663, 99 S.Ct. at 1401. The Supreme Court focused its concern on the "unconstrained exercise of discretion" by a police officer in the field and intimated that the problem of screening drunken drivers might be constitutionally dealt with by the "[q]uestioning of all oncoming traffic and roadblock-type stops...." Id. at 663-664, 99 S.Ct. at 1401.
In State v. Kirk, 202 N.J. Super. 28 (App.Div. 1985), we addressed the need for guidelines in the operation of roadblocks that would be acceptable under Art. I, par. 7 of the New Jersey Constitution. We identified the applicable constitutional standards in the following language:
If the road block was established by a command or supervisory authority and was carefully targeted to a designated area at a specified time and place based on data justifying the site selection for reasons of public safety and reasonably efficacious or productive law enforcement goals, the road block will likely pass constitutional muster. Other factors which enhanced judicial approval were (1) adequate warnings to avoid frightening the traveling public, (2) advance general publicity designed to deter drunken drivers from getting in cars in the first place, and (3) officially specified neutral and courteous procedures for the *136 intercepting officers to follow when stopping drivers. [202 N.J. Super. at 40-41].
We find the roadblock here in question deficient under the foregoing criteria. That Sergeant Barber was the ranking supervisory authority in charge of the police department at that particular time does not constitute the requisite "participation of command or supervisory authority" in selecting the time and place of the roadblock. We described this participation by high level administrative officials as "an essential constitutional ingredient and necessary to satisfy the objection that the traveller not be `subject to the discretion of the official in the field.'" Id. at 43. Nor do we find in the record the data necessary to demonstrate a "rational basis for deploying this type of intrusive law enforcement technique." Id. at 56. Moreover, nothing in the record supports the conclusion that the site of the roadblock was "a dangerous alcohol or accident-prone stretch of roadway." Id. at 48. All that appears is that during the two year period prior to the roadblock there had been a total of 197 accidents on the "whole stretch of the road." Of these, only five were alcohol-related. Finally, the proofs nowhere address the question of whether the roadblock was in fact "reasonably efficacious" in the accomplishment of law enforcement goals. For all that appears, greater success might have been attained at that time had the officers assigned to the roadblock devoted themselves to customary methods of traffic surveillance.
We conclude that the warrantless stopping of defendant's vehicle and consequent discovery of his intoxicated condition under the circumstances presented constituted an unlawful search and seizure within the meaning of Art. I, par. 7 of the New Jersey Constitution.
The order under review dated October 18, 1985, denying defendant's motion to suppress, is reversed. The matter is remanded to the Law Division and the trial court is directed to vacate the judgment of conviction.