COMMONWEALTH vs. PAUL J. CAMERON.

No. 89-P-30.

Middlesex.    September 13, 1989. — October 25, 1989.

Present: SMITH, CUTTER, & FINE, JJ.

Further appellate review granted, 406 Mass. 1102 (1990).

*Constitutional Law*, Search and seizure, Roadblock by police. *Search and Seizure*, Automobile, Threshold police inquiry, Roadblock by police. *Motor Vehicle*, Operating under the influence.

The absence of a plan in writing for the conduct of a police roadblock by the Metropolitan District Commission (MDC) that included the date, time, and location of the roadblock was not constitutionally significant, even though MDC guidelines contemplated a written plan, where the guidelines themselves were in writing and covered in detail the way in which a roadblock was to be carried out by MDC police, and where the specific details as to time and place were communicated in advance by an MDC police captain to the officers who would be assigned to the roadblock's implementation. [863-864]

A police roadblock for the detection of drunk drivers was not made constitutionally unreasonable by the fact that the location of the roadblock was selected by a Metropolitan District Commission (MDC) police captain who was at the scene of the roadblock, supervising its implementation, where the location was selected according to criteria set forth in MDC guidelines, and where the captain's supervisory rank placed him at a sufficiently high level of law enforcement to select the exact location within his district for the roadblock in accordance with the established guidelines. [864-865]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on December 15, 1986.

On transfer to the jury session of that division the case was tried before *Isaac Borenstein, J.*

*James A. O'Donovan* for the defendant.

*Edward DeAngelo,* Assistant District Attorney, for the Commonwealth.

FINE, J. About 1:00 A.M. on December 13, 1986, the defendant was stopped at a roadblock being conducted by Metropolitan District Commission (MDC) police officers at the intersection of Monsignor O'Brien Highway and Water Street in Cambridge for the purpose of detecting drunk drivers. As a result of evidence obtained at the roadblock, the defendant was arrested and charged with operating while under the influence of intoxicating liquor, second offense. G. L. c. 90, § 24. The defendant's motion to suppress the evidence was denied, and he was convicted and sentenced. The only question raised on appeal is the constitutional validity of the roadblock stop, conceded to be a seizure for purposes of the Fourth and Fourteenth Amendments to the United States Constitution and arts. 12 and 14 of the Massachusetts Declaration of Rights. We agree with the trial judge that the roadblock satisfied constitutional requirements set forth in decisions of the Supreme Judicial Court,[1] and we therefore affirm the conviction.

"For a roadblock to be permissible [in Massachusetts], . . . the selection of motor vehicles to be stopped must not be arbitrary, safety must be assured, motorists' inconvenience must be minimized and assurance must be given that the procedure is being conducted pursuant to a plan devised by law enforcement supervisory personnel." *Commonwealth* v. *McGeoghegan*, 389 Mass. 137, 143 (1983). Although not a constitutional requirement, advance notice to the public to reduce "surprise, fear, and inconvenience" is also suggested. *Ibid.* Since deciding *McGeoghegan*, the Supreme Judicial Court has sustained one conviction based upon evidence obtained at a roadblock (*Commonwealth* v. *Trumble*, 396 Mass. 81, 90-91 [1985]) and has ruled another roadblock invalid (*Commonwealth* v. *Amaral*, 398 Mass. 98, 101 [1986]). Compare *Commonwealth* v. *Shields*, 402 Mass. 162 (1988).

---

[1] The States are divided on the question of the validity under the Fourth Amendment of sobriety roadblocks. The issue is presently pending before the United States Supreme Court. *Sitz* v. *Dept. of State Police*, 170 Mich. App. 433 (1988), appeal denied, 432 Mich. 872, cert. granted, 110 S. Ct. 46 (1989). See *Delaware* v. *Prouse*, 440 U.S. 648, 652-654 (1979).

There was ample support in the evidence for the judge's detailed findings on the motion to suppress to the effect that the roadblock was not conducted in an arbitrary or unsafe manner and that inconvenience to the public was minimized. The procedures for the roadblock were set forth in MDC guidelines similar to the State police guidelines upheld in the *Trumble* case, 396 Mass. at 92-94, and the judge found that the roadblock was implemented at the scene in accordance with those guidelines. Moreover, he found that advance notice of the date, time, and general location of the roadblock was given to the MDC public relations department for publication to the media. The date for a roadblock somewhere in the area had been selected by the MDC traffic engineering bureau a week or two before it was conducted.

The only real issue concerns whether the Commonwealth met its burden of demonstrating that the roadblock was conducted "pursuant to a plan devised by law enforcement supervisory personnel." *McGeoghegan, supra.* Two problems merit discussion: (1) the absence of a plan in writing that included the date, time, and location of the roadblock; and (2) that the location of the roadblock was selected by an MDC police captain who was at the scene of the roadblock, supervising its implementation.

1. We do not regard the absence of a document setting forth all aspects of the roadblock as constitutionally significant in this case even though the MDC guidelines contemplate a written plan. The guidelines themselves were in writing and cover in detail the way in which a roadblock is to be carried out by MDC police. It is true that the written guidelines do not provide specifics as to date, time, and location. The judge found that MDC police Captain John LoConte had planned the operation and at roll call, several hours earlier, had distributed copies of the MDC roadblock guidelines to the officers who would be assigned to its implementation and informed the officers of its exact time and location. Thus, as early as that roll call, a complete plan for the operation had been developed and communicated. On these facts, the police officers in the field were bound to conduct the roadblock in a manner consistent with the

plan, which consisted of the guidelines and the specific details as to time and place announced by Captain LoConte.

2. Although the order for a roadblock somewhere within Captain LoConte's district on the date in question came from MDC administrators, the exact time and location were selected by Captain LoConte, who was also at the scene. The defendant, relying on *Commonwealth* v. *Amaral*, 398 Mass. at 100-101, contends that Captain LoConte was only a field officer and not at a sufficiently high level of law enforcement to have the authority to plan a roadblock.[2] "Administrative officers using carefully established standards and neutral criteria should determine the time and location of roadblocks . . . ." *Id*. at 100.

The site was selected according to criteria set forth in the guidelines. Among other things, in selecting the location, Captain LoConte considered the high incidence of alcohol related accidents and arrests in the area. Although he was present at the scene of the roadblock supervising its implementation, he was of a supervisory rank, and the judge found that he was "supervisor of the roadblock."

In *Amaral*, the court regarded testimony from a police corporal that a captain may have selected the site for a roadblock as insufficient to meet the Commonwealth's burden of showing the involvement of law enforcement supervisory personnel. *Amaral, supra* at 100. In *Amaral*, however, there was no evidence of detailed, written guidelines such as were used in this case and in *Trumble*. The facts in *Trumble*, where the roadblock was upheld, resemble more closely those in the present case. In *Trumble,* the site was selected in accordance with guidelines by a State police captain who also was present on the scene supervising the roadblock.

---

[2] Typically, roadblocks sustained in other States were planned and supervised by high-ranking officials. See, e.g., *State* v. *Superior Court,* 143 Ariz. 45, 47 (1984); *Little* v. *State,* 300 Md. 485, 490 (1984); *People* v. *Scott,* 63 N.Y.2d 518, 522-524 (1984). Some jurisdictions regard the involvement of high-level, policy-making officials in the selection of the time and location of roadblocks as a constitutional prerequisite. See *Ingersoll* v. *Palmer,* 43 Cal. 3d 1321, 1341-1343 (1987); *State* v. *Egan,* 213 N.J. Super. 133, 136 (1986); *Las Cruces* v. *Betancourt,* 105 N.M. 655, 658 (Ct. App. 1987). Contrast *State* v. *Cloukey,* 486 A.2d 143, 146 (Me. 1985).

It is a distinction, but not one that we think is dispositive, that the captain in *Trumble* was in charge of the State police in Western Massachusetts, whereas the record in this case reveals neither the geographical extent of Captain LoConte's jurisdiction nor the degree to which he had policy-making administrative responsibilities. His supervisory rank as a captain, we think, placed him at a sufficiently high level of law enforcement to select the exact location within his district for the roadblock in accordance with established guidelines stating the criteria for site selection.

Planning of roadblocks, including their location, is required to be done by supervisory personnel to assure that police officers in the field will not possess unconstrained discretion in interfering with the public's privacy and freedom of movement. See *People* v. *Bartley*, 109 Ill. 2d 273, 289 (1985), cert. denied, 475 U.S. 1068 (1986). Otherwise there is a risk of arbitrary and capricious law enforcement. In the circumstances here, we think the risk that police officers would act in an arbitrary manner was minimal.

*Judgment affirmed.*