COMMONWEALTH *vs.* PAUL J. CAMERON. May 9, 1990. *Constitutional Law,* Search and seizure, Roadblock by police. *Search and Seizure,* Automobile, Threshold police inquiry, Roadblock by police. *Motor Vehicle,* Operating under the influence.

On October 25, 1989, the Appeals Court affirmed the defendant's conviction of operating a motor vehicle while under the influence of intoxicating liquor. *Commonwealth v. Cameron,* 27 Mass. App. Ct. 861 (1989). In doing so, the Appeals Court concluded that the trial judge properly denied the defendant's motion to suppress evidence seized at a Metropolitan District Commission (MDC) police roadblock. The Appeals Court noted that the roadblock had been conducted, in two respects, in a manner inconsistent with the applicable guidelines. *Id.* at 863. There had been no written plan specifying the date, time, and location of the roadblock. The location of the roadblock had not been chosen by a supervisory administrative official. *Id.* That court concluded that (1) the absence of a written plan was not "constitutionally significant" in the circumstances (*id.*) and (2) the selection of the roadblock site by the MDC police captain who supervised it at the scene was made at a sufficiently high policy-making level so as to meet the guidelines in the circumstances of this case (*id.* at 864-865).

Approximately two months after that Appeals Court opinion was released, this court decided *Commonwealth v. Anderson,* 406 Mass. 343 (1989). We affirmed an order allowing a motion to suppress evidence seized at a roadblock after the authorized time for the roadblock had expired. *Id.* at 344. We concluded that protection of privacy interests under the Fourth Amendment of the Constitution of the United States and art. 14 of the Massachusetts Declaration of Rights required the Common-

wealth to follow its own rules. *Id.* at 348. We rejected the idea that "substantial compliance" with the written roadblock guidelines could suffice and said that "[a]dherence to a neutrally devised, preplanned blueprint in order to eliminate arbitrariness and discretion" is the principal justification for establishing that roadblocks are constitutionally acceptable. *Id.* at 349. We took note of the Appeals Court opinion in the case now before us and said that "[t]o the extent that the views in *Cameron* are inconsistent with those expressed here, we decline to follow them." *Id.* at 350 n.8.

In view of this background, it is hardly surprising that we granted the defendant's application for further appellate review and that we now vacate the order denying the defendant's motion to suppress. The differences between the departures from the guidelines in the *Anderson* case and in this case are not significant. Suppression is called for in each instance. Our conclusion is based on the requirements of art. 14. The order denying the defendant's motion to suppress is vacated, and an order shall be entered allowing that motion.

*So ordered.*

*James A. O'Donovan* for the defendant.
*Edward DeAngelo*, Assistant District Attorney, for the Commonwealth.