**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **EDWARD FEDAK**, Defendant–Appellant

NO. 15206

(TRAFFIC NO. TD13A of 2/1/91)
(HPD NO. 89447860)

FEBRUARY 11, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE
HUDDY, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

In this appeal by Defendant–Appellant Edward Fedak (Defendant) from his bench trial conviction for driving under the influence of intoxicating liquor, Hawai'i Revised Statutes (HRS) § 291–4(a)(1) (1985), the dispositive issue is whether the trial court erred in denying Defendant's motion to suppress. We answer in the affirmative.

On December 24, 1989, at 2240 hours, Defendant was stopped by a Honolulu Police Department (HPD) officer at an HPD sobriety roadblock (sobriety roadblock) on North King Street fronting Wallace Rider Farrington High School. The sobriety roadblock was part of HPD's drunk driving prevention program and was established under an HPD regulation entitled Administrative Notice No. 86–10 (Notice 86–10).

1.

Defendant argues that Notice 86–10 was not promulgated in accordance with HRS Chapter 91, as required by HRS § 286–162.5 (1985), which reads as follows:

> **Authorization to establish intoxication control roadblock programs.** The police departments of the respective counties are authorized to establish and implement intoxication control roadblock programs in

accordance with the minimum standards and guidelines provided in section 286–162.6. The chief of police in any county establishing an intoxication control roadblock program pursuant to this section shall specify the procedures to be followed in carrying out the program in rules adopted under chapter 91; provided that the procedures shall be in conformity with and not more intrusive than the standards and guidelines described in section 286–162.6.

The State argues that Notice 86–10 was an internal HPD regulation within the definition of HRS § 91–1(4) and, therefore, exempt from Chapter 91's promulgation provisions.[1] We agree with the State. *Doe v. Chang*, 58 Haw. 94, 564 P.2d 1271 (1977).

The same issue was raised in *Commonwealth v. Trumble*, 396 Mass. 81, 483 N.E.2d 1102 (1985). There, the court held that the "guidelines" did not constitute a regulation requiring promulgation according to Massachusetts law. The court stated:

The guidelines are directed solely toward troopers, and instruct them as to the manner in which they fulfill their duties. Thus, they do concern the internal management of this agency. ... [The guidelines] limn important procedural and safety considerations. The guidelines reflect an attempt to ensure that the State Police execute roadblocks

---

[1] Hawaiʻi Revised Statutes (HRS) § 91–1(4) (1985) reads as follows:
**Definitions.** For the purpose of this chapter:

\* \* \*

(4) "Rule" means each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency. The term does not include regulations concerning only the internal management of an agency and not affecting private rights of or procedures available to the public, nor does the term include declaratory rulings issued pursuant to section 91–8, nor intra–agency memoranda.

in compliance with the principles articulated in *Common-wealth v. McGeoghegan, supra.* They do not purport directly to regulate public conduct. The guidelines are simply an accurate reflection of the rights of the public as set forth in *McGeoghegan.* We conclude that the guidelines are not regulations as defined in G.L. c. 30A, § 1(5).

*Id.* at 89, 483 N.E.2d at 1107.

Similarly, although HPD sobriety roadblocks unquestionably impinge on a driver's freedom of movement, Notice 86–10's procedures are aimed at prescribing and controlling the police officer's activities in order to minimize the intrusion on the driver's rights. *See Commonwealth v. Shields*, 402 Mass. 162, 521 N.E.2d 987 (1988).

2.

Defendant next argues that the sobriety roadblock at which he was stopped was not established according to Notice 86–10 and, therefore, he was subject to an unconstitutional seizure. Consequently, he asserts, the trial court erred in denying his motion to suppress all the evidence obtained as a result of the stop. We agree.

Because Defendant was seized without a warrant, the State has the burden of proving that the seizure was reasonable. *Shields, supra.*

To carry its burden of proving that the roadblock seizure was reasonable the Commonwealth must show, at least, that the roadblock was conducted in accordance with the guidelines established in *Trumble, supra,* and *Common-wealth v. McGeoghegan*, 389 Mass. 137, 449 N.E.2d 349 (1983). *See Commonwealth v. Amaral*, 398 Mass. 98, 101, 495 N.E.2d 276 (1986). Adherence to these guide-

> lines, the content of which need not be recited here, assures that a roadblock seizure is the result of a "plan embodying explicit, neutral limitations on the conduct of individual officers." *Brown v. Texas*, 443 U.S. 47, 51, 99 S. Ct. 2637, 2640, 61 L. Ed. 2d 357 (1979). Conducting roadblocks in accordance with such neutral criteria minimizes the risk "that the individual's reasonable expectation of privacy [will be] 'subject to the discretion of the official in the field.'" *Delaware v. Prouse*, 440 U.S. 648, 655, 99 S. Ct. 1391, 1397, 59 L. Ed. 2d 660 (1979), quoting *Camara, supra* 387 U.S. at 532, 87 S. Ct. at 1732. Adherence to the guidelines' requirements also assures that the surprise, fear, and inconvenience to—and therefore the intrusion on—the motoring public is minimized.

*Id.* at 164–65, 521 N.E.2d at 989–90. Our review of the record in the instant case convinces us that the State failed to carry its burden.

HRS § 286–162.5 requires that sobriety roadblock procedures comply with the minimum standards established in HRS § 286–162.6 (1985 & Supp. 1991).[2] Notice 86–10 generally conforms to the minimum standards. Notice 86–10 also contains other procedures which, in our view, are designed to make sobriety roadblocks less intrusive than HRS § 286–162.6's minimum stan-

---

[2] HRS § 286–162.6 (1985 & Supp. 1991) reads as follows:

**Minimum standards for roadblock procedures.** (a) Every intoxication control roadblock program shall:

(1) Require either that all motor vehicles, or mopeds, or both, approaching roadblocks be stopped, or that certain motor vehicles, or mopeds, or both, be stopped by selecting motor vehicles, or mopeds, or both, in a specified numerical sequence or pattern.

(2) Require that roadblocks be located at fixed locations for a maximum three hour period.

dards.[3] It is clear from the statute that the legislature intended that, once the procedures were established by the various police departments, they would be scrupulously followed.

In order to validate the change in location of the sobriety roadblock in this case, the State had to prove that HPD Sergeant William Donnelly's (Sgt. Donnelly) decision was in accordance with Notice 86–10 and not an exercise of his discretion to set up a road-

---

(3) Provide for the following minimum safety precautions at every roadblock:

  (A) Proper illumination;

  (B) Off–road or otherwise safe and secure holding areas for motor vehicles, or mopeds, or both, involved in any roadblock stop;

  (C) Uniformed police officers carrying proper identification;

  (D) Adequate advance warning of the fact and purpose of the roadblocks, either by sign posts, flares, or other alternative methods; and

  (E) Termination of roadblocks at the discretion of the police officer in charge where traffic congestion would otherwise result.

(4) Provide for a sufficient quantity and visibility of uniformed officers and official vehicles to assure speedy compliance with the purpose of the roadblocks and to move traffic with a minimum of inconvenience.

(b) Nothing in this section shall prohibit the establishment of procedures to make roadblock programs less intrusive than required by the minimum standards provided in this section.

[3] We note that Honolulu Police Department Administrative Notice No. 86–10 (Notice 86–10) digresses from HRS § 286–162.6 in one regard. Subparagraph (a)(2) of the statute requires that roadblocks be maintained at a specific location for a maximum period of three hours. However, subparagraph II.I. of Notice 86–10 allows a roadblock period to be extended on account of "disruptions, severe weather or other unforeseen factors[.]" An extension, even for the extraordinary circumstances described, does not appear to be in harmony with the clear wording of HRS § 286–162.6. However, the departure from the statute does not, in our view, invalidate Notice 86–10 or any of its other provisions. The departure does not affect the outcome of this case.

block in a more manageable location. *See Shields.* The State failed to do so.

A memorandum in evidence from Sgt. Donnelly, the officer in charge of the sobriety roadblock, to his superior officers indicated that the sobriety roadblock for December 24–25, 1989, was to be situated at Palama and Halona Streets (Palama–Halona) between 2100 and 2330 hours. However, the State's offer of proof was that Sgt. Donnelly changed the location from Palama–Halona to North King Street, approximately a mile away, because of traffic congestion.

The State failed to prove that Sgt. Donnelly had such authority under Notice 86–10. Paragraph II.C. of Notice 86–10 provides that the "General Site" for a sobriety roadblock will be selected by divisional–level commanders. On the other hand, the "Specific Location" for the sobriety roadblock is selected by the "supervisor responsible for the maintenance of the roadblock[.]" Notice 86–10, Paragraph II.D. Unfortunately, Notice 86–10 does not define either "general site" or "specific location." Neither does it provide guidelines for changing either of them once established. Such changes cannot be left to the discretion of the officers in the field. *Shields, supra.*

The State also argues that Sgt. Donnelly had such authority under HRS § 286–162.6(a)(3)(E). We disagree. The authority to terminate a sobriety roadblock on account of traffic congestion does not constitute authority under the statute to establish another sobriety roadblock in another location. In fact, that is the precise kind of discretion the guidelines and procedures were designed to prevent. *Shields, supra.*

Defendant's seizure was illegal. *See Shields.* Consequently, all the evidence that flowed therefrom should have been suppressed. Absent that evidence, the State will be unable to proceed with further prosecution. Consequently, Defendant's conviction must be reversed.

Reversed.

*Walter K. Horie* and *Anthony H. Yusi* (Horie & Yusi, of counsel) on the briefs for defendant–appellant.

*Charlotte J. Duarte*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.