COMMONWEALTH *vs.* EDWARD J. DONNELLY. No. 92-P-741. June 21, 1993. *Motor Vehicle*, Operating under the influence. *Constitutional Law*, Search and seizure, Roadblock by police. *Search and Seizure*, Automobile, Threshold police inquiry, Roadblock by police. *Administrative Law*, Regulations.

In the course of operating a roadblock stop of motor vehicles to detect drunk drivers on Route 18 in the town of Abington in November, 1989, the State police stopped and arrested the defendant for operating a motor vehicle while under the influence of intoxicating liquor. See G. L. c. 90, § 24. The defendant filed a motion to suppress the evidence obtained as a result of the roadblock. The motion was denied. After a trial by jury the defendant was found guilty. We reverse.

The applicable constitutional principles are now well established. The stop of the defendant's vehicle was a seizure under the Fourth and Fourteenth Amendments to the United States Constitution and under art. 14 of the Massachusetts Declaration of Rights. *Commonwealth v. Trumble*, 396 Mass. 81, 86 (1985). Since the seizure was made without a warrant, it is the Commonwealth's burden to prove the seizure was reasonable. *Commonwealth v. McGeoghegan*, 389 Mass. 137, 144 (1983). *Commonwealth v. Shields*, 402 Mass. 162, 164 (1988). A roadblock seizure of an individual for the purpose of detecting a drunk driver is "reasonable" under art. 14 if the "roadblock meet[s] standard, neutral guidelines, and [is] conducted pursuant to a plan devised in advance by law enforcement supervisory personnel." *Commonwealth v. Anderson*, 406 Mass. 343, 347 (1989), and cases cited. Roadblocks conducted in accordance with the guidelines set forth in *Commonwealth v. Trumble, supra* at 92-94, are presumed to be reasonable. *Commonwealth v. Shields, supra* at 164. The November, 1989, guidelines applicable to this case — "Policy (TRF-13)" and "Procedure (TRF 13A)" — are substantially the same as those approved in *Commonwealth v. Trumble, supra.*

The basis for allowing roadblock seizures is the "strong public interest in reducing the 'carnage caused by drunk drivers.'" *Commonwealth v. Trumble, supra* at 86, quoting from *South Dakota v. Neville*, 459 U.S. 553, 558 (1983). See also *Commonwealth v. Shields, supra* at 165 n.2. The site selected by the administrators and supervisors must, however, be a "problem area, one 'where accidents or prior arrests for drunken driving have occurred.'" *Commonwealth v. Amaral*, 398 Mass. 98, 101 (1986), quoting from *Commonwealth v. Trumble, supra* at 92. The guidelines in this case add that "[i]ndividual site selection should be based on selective enforcement identifiers as to time, day of week and location of prior alcohol related incidents." There must be strict compliance with the guidelines;

"substantial compliance" will not do, for that is "no compliance at all." *Commonwealth* v. *Anderson, supra* at 351.

The Commonwealth's evidence on site selection came from the testimony of Lieutenant Albert R. Rivet, a duty officer and traffic programs officer of the Middleborough barracks in charge of conducting drunk driving roadblocks. By letter dated October 30, 1989, Captain Andre J. Lavoie, troop commander in the State police, directed Lt. Rivet to conduct a drunk driving roadblock on Route 18 on the night of November 3 to November 4 between the hours of 11:00 P.M. and 3:00 A.M.[1] The specific location of the roadblock on Route 18, which is over six miles long, was left to the discretion of Lt. Rivet.

Lt. Rivet selected an area with a parking lot adjacent to Route 18 in front of an Ames department store (the Ames site). In support of this selection, Lt. Rivet produced a letter addressed to the Middleborough State police dated November 20, 1987. The letter, from the Abington police department, stated that, "[a]s of November 9, 1987, a total of seventy-seven (77) OUI arrests have been made during the year of 1987. Eighteen (18) of those arrests took place on Bedford Street, also known as Route 18. Also on Bedford Street during 1987, there were thirty (30) motor vehicle accidents that involved personal injury, and forty-eight (48) accidents that involved property damage."

The Commonwealth offered no evidence more recent than the Abington police letter that described arrests two years before the roadblocks in this case. While Lt. Rivet testified that roadblocks were conducted at the Ames site during the spring and summer of 1989, the Commonwealth offered no evidence as to the number of alcohol-related arrests made during these roadblocks, despite the fact that — according to an exhibit introduced by the Commonwealth — a report to troop headquarters must be made at the conclusion of the roadblock stating the "total arrests," the "OUI arrests," and the "Breath test results." The absence of information about the roadblocks of the spring and summer of 1989 is particularly important because the guidelines call for a site selection based on "prior alcohol-related incidents."

The motion judge found that the "substance of the . . . [letter from the Abington police] is not changed by its age. The facts of the . . . [letter] remain." While the judge's meaning is not entirely clear, we conclude that compliance with the guidelines has not been adequate where the only evidence of "prior alcohol related incidents" is two years old, and where the results of two recent roadblocks in the same area were not offered in evidence.[2] The inference is available, if not compelling, that if helpful to the

---

[1] The form letter states that the site was selected "because data available to this department indicate[] that drunk driving has been the cause of accidents and incidents."

[2] The testimony of Lt. Rivet that the Ames site was selected "because of accidents and prior OUI arrests in that area on Route 18," upon which the Commonwealth

prosecution the Commonwealth would have produced information regarding the results of the two 1989 roadblocks.

By relying on reports that are two years old, combined with the failure to produce recent, pertinent information which the State police generated and which does not appear to have been unavailable for the trial, the Commonwealth converted the site selection from a choice based on fresh, reliable information to a choice made by the State police in their discretion. The necessary adherence to the Commonwealth's own guidelines was not satisfied here. See *Commonwealth* v. *Anderson, supra* at 348, 350 (stop made fifteen to thirty minutes after the scheduled termination of the roadblock was invalid; "To allow the Commonwealth to do anything short of complying in full with its own guidelines would inject an element of discretion into the roadblock procedures and thus undercut the very foundation upon which the roadblock seizure is constitutionally justified").

Accordingly, because all evidence on which the conviction was based should have been suppressed, the judgment is reversed, the verdict is set aside, and judgment is to enter for the defendant.

*So ordered.*

*Bruce Ferg* for the defendant.
*Frank M. Gaziano*, Assistant District Attorney, for the Commonwealth.


relies, provides no substantive information beyond that referred to in the text of our opinion.

