Dear Representative Webb
¶ 0 This office has received your request for an Attorney General Opinion. You have asked, in effect, the following questions:
1. Under what circumstances does a parole officer have theability to arrest or conduct a search without a warrant, when aparole officer witnesses an individual committing a crime?
 2. Should any policies that set forth the duties, scope ofemployment and any parameters of actions by parole officers bepromulgated as administrative rules?
 3. Has the Department of Corrections met its statutory duty ofpromulgating required administrative rules?
¶ 1 Your questions deal with several facets of the Department of Corrections ("Department" or "DOC") and its relationship with certain employees and those convicted of criminal offenses. First, you want to know if a parole officer has the ability to arrest or conduct a search without a warrant.
 I.
¶ 2 Probation-parole officers "shall be deemed peace officers and shall possess the powers granted by law to peace officers."57 O.S. 515(A) (1991). A peace officer may arrest a person, either with or without a warrant. See 22 O.S. 187 (1991). A peace officer can arrest without a warrant under certain circumstances. See 22 O.S. 196 (1998). Likewise, if directed by a magistrate, a peace office has the authority to execute a search warrant. See 22 O.S. 1225 (1991).
¶ 3 Searches without a warrant are governed by a reasonableness standard. The key is whether a warrantless search would constitute an unreasonable search or seizure under theFourth Amendment to the United States Constitution[1] or its state equivalent, Article II, Section 30 of the Oklahoma Constitution.[2] In issues dealing with criminal liability, the Oklahoma Court of Criminal Appeals has held that Article II, Section 30, is to be analyzed in the same manner as theFourth Amendment. Langham v. State, 787 P.2d 1279, 1281
(Okla.Crim.App. 1990); Long v. State, 706 P.2d 915, 916-17
(Okla.Crim.App. 1985); DeGraff v. State, 103 P. 538, 542 (Okla.Crim.App. 1909).[3] Therefore, the analysis which follows is applicable to both constitutional provisions.
¶ 4 Exceptions to the warrant requirement have been litigated over the years. Although not intended to be an exhaustive list, the following are examples of situations where a warrant is not required:
 • if the search is one incident to a lawful arrest, Ker v. California, 374 U.S. 23 (1963);
 • if exigent circumstances and probable cause exist, Johnson v. United States, 333 U.S. 10 (1948);
 • if the officer is in hot pursuit, Warden v. Hayden, 387 U.S. 294 (1967);
 • if the officer is conducting a stop and frisk, Terry v. Ohio, 392 U.S. 1 (1968);
 • if the search is an inventory search, National Treasury Employees Union v. Van Raab, 489 U.S. 656
(1989).
 • if the search involves a motor vehicle, and probable cause is present. Carroll v. United States, 267 U.S. 132 (1925); See also Wyoming v. Houghton, ___ U.S. ___, 119 S.Ct. 1297 (1999) (Police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search. Passengers, no less than drivers, possess a reduced expectation of privacy with regard to the property they transport in cars.)
¶ 5 These exceptions are applicable to the general public. The Supreme Court has also recognized that a warrant is not required for a probation officer to search a probationer's house if "reasonable grounds" for the search exist. See Griffin v.Wisconsin, 483 U.S. 868 (1987); See also State ex rel. Corganv. King, 868 P.2d 743 (Okla.Crim.App. 1994). The same is true of searches of parolees' residences. See Ott v. State,967 P.2d 472 (Okla.Crim.App. 1998), cert. denied, ___ U.S. ___119 S.Ct. 1119 (1999).
¶ 6 Therefore, by the plain language of applicable statutes, probation-parole officers are considered peace officers; as peace officers, they can arrest or conduct a search without a warrant if the circumstances surrounding the search are reasonable. What is reasonable is a question of fact beyond the scope of an attorney general's opinion.
 II.
¶ 7 You next ask whether any policies that set forth the duties, scope of employment and any parameters of actions by parole officers should be promulgated as rules under the Administrative Procedures Act ("APA").
¶ 8 The Department is not one of the entities exempted from the rule promulgation requirement of the APA. See 75 O.S. 250.4
(1998) (listing agencies exempted from certain provisions of the APA); nor is there anything within the statutes governing the Department indicating an exemption from the rulemaking requirements of the APA. The determinative issue is whether such a formula constitutes a "rule" under the APA.
¶ 9 "Rule" is defined in the APA as:
 [A]ny agency statement or group of related statements of general applicability and future effect that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of the agency. The term "rule" includes the amendment or revocation of an effective rule but does not include:
. . . .
 c. statements and memoranda concerning only the internal management of an agency and not affecting private rights or procedures available to the public[.]
75 O.S. 250.3(15) (1998) (emphasis added).
¶ 10 If the policies setting forth the duties, scope of employment and parameters of actions by parole officers do not affect private rights of its prisoners or procedures available to the public, it is not a "rule" within the meaning of the APA, and the promulgation requirements of the APA do not apply. Or, as one scholar has observed:
 [This exception] obviously is intended to exclude the "housekeeping" functions of agencies, as distinguished from the occasions when they are establishing norms for the conduct of the public. These would include such things as rules organizing the structure of the agency, prescribing the conduct of its staff, and the internal management of its business." Merrill, Oklahoma's New Administrative Procedures Act, 17 Okla. L. Rev. 1, 9 (1964) (emphasis added). Clearly, a policy setting forth the duties, scope of employment and parameters of actions by parole officers is directed to "prescribing the conduct" of the agency's staff.
¶ 11 Just as clearly, the policy does not affect procedures available to the public, as it does not "command the public to do anything, prohibit the public from doing anything, declare the rights of the public in any respect[, or] make any procedures available to the public." Doe v. Chang, 58 Haw. 94,564 P.2d 1271 (1977). See also State v. Fedak, 9 Haw.App. 98,825 P.2d 1068 (1992) (Police policy establishing sobriety roadblock procedures not a "rule," but rather an internal guidelines "directed solely toward troopers [which] instruct them as to the manner in which they fulfill their duties.").
¶ 12 Therefore, any policy which sets forth the duties, scope of employment and scope of actions by parole officers need not be promulgated as administrative rules so long as the policies are internal management guidelines which are directed solely toward the officers and instruct them how to fulfill their duties. Whether a particular policy limits itself to these restrictions is a question of fact which is beyond the scope of an Attorney General Opinion.
 III.
¶ 13 You next ask whether the Department of Corrections has met its statutory duty to promulgate rules in specified areas. In each instance, however, to answer your question would involve audits in the individual areas and the introduction of facts. This puts your question beyond the scope of an Attorney General Opinion. See 74 O.S. 18b (1998).
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Probation-parole officers are, under 57 O.S. 515(A)(1991), deemed peace officers and possess the same powers grantedby law to peace officers. A peace officer may arrest a person,either with or without a warrant. 22 O.S. 187 (1991). A peaceofficer can arrest without a warrant under certaincircumstances. 22 O.S. 196 (1991). Likewise, if directed by amagistrate, a peace office has the authority to execute a searchwarrant. 22 O.S. 1225 (1991). Searches are governed by astandard of reasonableness. What is reasonable is determined bythe facts and circumstances of the individual case, a factquestion which is outside the scope of an Attorney GeneralOpinion.
 2. Under 75 O.S. 250.3(15) (1998), the definition of arule does not include statements and memoranda concerning onlythe internal management of an agency and not affecting privaterights or procedures available to the public. As the policieswhich set forth the duties, scope of employment and parameters ofactions by parole officers do not affect private rights of itsprisoners or procedures available to the public, but rather are a"housekeeping" function prescribing the conduct of the staff,they are not "rules" within the meaning of the APA, and thepromulgation requirements of the APA do not apply.
 3. Whether the Department of Corrections is meeting itsstatutory duty of promulgating required administrative rules invarious aspects of its statutory duties involves questions offact, which is beyond the scope of an Attorney General Opinion.74 O.S. 18b (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAN CONNALLY ASSISTANT ATTORNEY GENERAL
[1] That amendment reads:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] That section, virtually identical to the federal constitutional provision, reads:
 The right of the people to be secure in their persons, houses papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.
[3] The Oklahoma Supreme Court in Turner v. City of Lawton,733 P.2d 375, 377-82 (Okla. 1986), cert. denied, 483 U.S. 1007
(1987), held that evidence seized in violation of Article II, Section 30 of the Oklahoma Constitution is inadmissible in a subsequent civil administrative personnel proceeding. TheTurner Court therefore extended the scope of the exclusionary rule in the context of a civil administrative proceeding by interpreting Article II, Section 30 as providing greater protection to the citizens of Oklahoma than is provided by theFourth Amendment, which does not dictate exclusion in a civil administrative personnel proceeding. Your question deals not with the exclusionary rule, but rather under what circumstances a probation-parole officer can conduct a search without a warrant. Consequently, the dichotomy between the two courts, for purposes of answering your question, is immaterial.