**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000099
14-OCT-2021
07:50 AM
Dkt. 63 SO**

NO. CAAP-19-0000099

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
NICOLE GIOVANNONI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3DTC-18-016324)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Nicole Giovannoni (**Giovannoni**) appeals from a Judgment and Notice of Entry of Judgment (**Judgment**) filed on January 18, 2019, by the District Court of the Third Circuit, Puna Division (**District Court**).[1] The District Court's Judgment convicted Giovannoni of driving without a license (**DWOL**), in violation of Hawaii Revised Statutes (**HRS**) § 286-102.[2]

On appeal, Giovannoni contends the District Court erred in denying her motion to suppress evidence that was obtained at a "lava checkpoint."

---

[1] The Honorable Diana L. Van De Car presided over the proceedings relevant to this appeal.

[2] HRS § 286-102 (2020) provides in relevant part: "No person . . . shall operate any category of motor vehicles . . . without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles."

    For the reasons discussed below, we conclude Giovannoni's suppression motion should have been granted.  Thus, we vacate the Judgment.

## I.  Background

    Plaintiff-Appellee State of Hawaiʻi (**State**) charged Giovannoni with DWOL based on evidence obtained after a Hawaiʻi County police officer stopped Giovannoni at a lava checkpoint. At that time, emergency proclamations issued by the Governor and the Acting Mayor of Hawaiʻi County were in effect.  The purpose of the lava checkpoint was to ensure that only local residents entered the restricted lava disaster area.

    Giovannoni moved to suppress evidence obtained through her checkpoint stop, arguing that such evidence was the fruit of an unlawful warrantless seizure.  The parties agreed to have the District Court rule on Giovannoni's suppression motion and hold a bench trial based on stipulated facts.

    In their entirety, the stipulated facts provide as follows:

> 1.  On June 4, 2018[,] at 1620 hours, Defendant was stopped by officer Conrad Bidal of the Hawaii County Police Department;
>
> 2.  Defendant was stopped at a Lava Checkpoint on Highway 130 between the 130 and 132 mile markers;
>
> 3.  At the time of the stop Hawaiʻi Governor David Y. Ige's State of Emergency Proclamation was in effect;
>
> 4.  Additionally, Hawaiʻi Island Mayor Harry Kim signed an Emergency Lava Proclamation which was also in effect on June 4, 2018;
>
> 5.  The only basis for the stop was that it was a lava checkpoint.
>
> 6.  The purpose of a lava checkpoint is the [sic] make sure that only local residents enter the restricted lava disaster area;
>
> 7.  Upon stopping Defendant for residency check, officer Bidal also ran Defendant's license through dispatch;
>
> 8.  Defendant did not have a driver's license.

    The District Court adopted the parties' stipulated facts and denied Giovannoni's suppression motion by issuing its

"Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Suppress Evidence" (**Order Denying Suppression Motion**).  Based on the stipulated facts, the District Court also found Giovannoni guilty of violating HRS § 286-102. The District Court entered its Judgment on January 18, 2019.

## II.  Discussion

Giovannoni argues that: (1) her initial stop was illegal; and (2) even if her initial stop was legal, her continued detention by the police to check on her driver's license status was illegal because it exceeded the permissible scope of her checkpoint stop.  Giovannoni asserts that the evidence derived from her checkpoint stop should have been excluded as the fruit of an unlawful seizure.

The police stop of Giovannoni at the lava checkpoint constituted a "seizure" within the meaning of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Hawai'i Constitution.  City of Indianapolis v. Edmond, 531 U.S. 32, 40 (2000); State v. Eleneki, 106 Hawai'i 177, 180, 102 P.3d 1075, 1078 (2004).  The stipulated facts lack sufficient detail for the State to meet its burden of proving that Giovannoni's warrantless seizure at the lava checkpoint fell within a valid exception to the warrant requirement.  Therefore, the District Court should have suppressed the evidence obtained from the checkpoint stop.

## A.  Burden of Proof

As a general rule, the proponent of a suppression motion has the burden of proof.  State v. Spillner, 116 Hawai'i 351, 357, 173 P.3d 498, 504 (2007).  However, an exception applies where the evidence sought to be suppressed was obtained through a search or seizure that was conducted without a warrant.  State v. Prendergast, 103 Hawai'i 451, 454, 83 P.3d 714, 717 (2004).  A warrantless search or seizure is presumed to be unreasonable and invalid, and to overcome this presumption, the State bears the burden of proving that the search or seizure fell within a valid exception to the warrant requirement.  Id.; State

3

v. Groves, 65 Haw. 104, 108, 649 P.2d 366, 369 (1982).  "If the [State] fails to meet this burden, the evidence obtained . . . will be suppressed as the 'fruit of the poisonous tree.'" Prendergast, 103 Hawaiʻi at 454, 83 P.3d at 717 (citations omitted).

In her suppression motion, Giovannoni challenged the lawfulness of her warrantless seizure at the lava checkpoint. This shifted the burden of proof to the State to prove that Giovannoni's checkpoint seizure fell within a valid exception to the warrant requirement.  See State v. Crowder, 1 Haw. App. 60, 66, 613 P.2d 909, 914 (1980).

### B.  The State Failed to Meet its Burden of Proof

A brief investigative stop based on reasonable suspicion that the person stopped was engaging in criminal activity or a traffic violation is an exception to the warrant requirement for a seizure.  See Prendergast, 103 Hawaiʻi at 454, 83 P.3d at 717; State v. Powell, 61 Haw. 316, 320-22, 603 P.2d 143, 147-48 (1979).  Giovannoni argues that her checkpoint stop was not supported by reasonable suspicion and therefore was illegal.  However, while an investigative stop based on reasonable suspicion is an exception to the warrant requirement, it is not the only exception.  See State v. Birnbaum, CAAP-15-0000518, 2016 WL 6196738, at *3 (App. Oct. 24, 2016) (mem.).

The United States Supreme Court has upheld warrantless checkpoint stops that are conducted without reasonable suspicion in certain circumstances.  See e.g. United States v. Martinez-Fuerte, 428 U.S. 543 (1976) (immigration checkpoints); Michigan Dep't of State Police v. Sitz, 496 U.S. 444 (1990) (sobriety checkpoints); Illinois v. Lidster, 540 U.S. 419 (2004) (checkpoint seeking information related to recent hit-and-run accident).  In determining whether a suspicionless checkpoint stop is valid under the Fourth Amendment, courts must examine the particular circumstances and balance "the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the

4

interference with individual liberty."  <u>Lidster</u>, 540 U.S. at 426-27 (quoting <u>Brown v. Texas</u>, 443 U.S. 47, 51 (1979)).  To address Fourth Amendment concerns, suspicionless checkpoint stops "must be carried out <u>pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers</u>."  <u>See</u> <u>Brown</u>, 443 U.S. at 51 (emphasis added); <u>State v. Fedak</u>, 9 Haw. App. 98, 102, 825 P.2d 1068, 1071 (1992), *superseded by statute* as stated in <u>State v. Claunch</u>, 111 Hawaiʻi 59, 64-66, 137 P.3d 373, 378-80 (App. 2006).

We first note that, although the stipulated facts reference emergency proclamations by the Governor and Hawaiʻi County Mayor, there is no detail in the stipulated facts establishing the lava checkpoint in this case was set up pursuant to those proclamations.  Without further information in this regard, we cannot glean any legal effect the proclamations may have had in this case.

In general, Hawaiʻi courts have recognized sobriety checkpoint stops, which are not based on reasonable suspicion, as an exception to the warrant requirement provided that certain procedures are followed.  <u>See</u> <u>State v. Heapy</u>, 113 Hawaiʻi 283, 300-02, 151 P.3d 764, 781-83 (2007); <u>Birnbaum</u>, 2016 WL 6196738, at *3.  These procedures are designed to limit the discretion of the officers conducting the checkpoint stop and the level of intrusion on individual rights.  <u>Heapy</u>, 113 Hawaiʻi at 300-02, 151 P.3d at 781-83.  Where permitted, checkpoint stops without a warrant or reasonable suspicion are "justified on the premise that systematic and non-discriminatory seizures *minimally* intrude upon an individual's privacy."  <u>Id.</u> at 300, 151 P.3d at 781 (citations omitted).  Based on these authorities, we conclude that to satisfy constitutional requirements, the police stop of Giovannoni at the lava checkpoint must have been carried out pursuant to established procedures designed to limit police discretion and the intrusion on an individual's privacy.  <u>Id.</u> at 300, 151 P.3d at 781; <u>Fedak</u>, 9 Haw. App. at 101-02, 825 P.2d at 1070-71.

The stipulated facts, however, lack any detail for the State to make this showing.  The stipulated facts do not address whether Giovannoni's stop at the lava checkpoint was pursuant to established procedures, much less procedures designed to limit police discretion and the intrusion on an individual's privacy. They do not address what procedures, if any, the police were required to follow in conducting the checkpoint stop or whether the police complied with such procedures.

We conclude that, in light of the insufficiency of the stipulated facts, the State did not satisfy its burden of proving that Giovannoni's stop at the lava checkpoint fell within a valid exception to the warrant requirement.  Because the State failed to meet its burden of proof, the District Court should have granted Giovannoni's suppression motion and suppressed the evidence derived from her stop at the lava checkpoint.  Without such evidence, the State could not prove the charged DWOL offense.

### III.  Conclusion

Based on the foregoing, we reverse the District Court's Order Denying Suppression Motion and also reverse the Judgment entered on January 18, 2019.

DATED:  Honolulu, Hawaiʻi, October 14, 2021.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
Manta K. Dircks,
Deputy Public Defender,                 /s/ Keith K. Hiraoka
for Defendant-Appellant.                Associate Judge

Leneigha S. Downs,                      /s/ Karen T. Nakasone
Deputy Prosecuting Attorney,            Associate Judge
for Plaintiff-Appellee.